IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEVIN JOSEPH WASHINGTON, JR.,

                       Plaintiff,

   v.                                               OPINION and ORDER

KRAUSE, MICHAEL GLASS, and WINKLER,        24-cv-821-jdp

                       Defendants.

---

Plaintiff Kevin Joseph Washington Jr., proceeding without counsel, is currently incarcerated at Green Bay Correctional Institution. Washington alleges that he injured his finger in his cell's trap door and received inadequate medical care for his injuries. I dismissed Washington's original complaint for failing to explain which of the defendants were responsible for the specific alleged acts of mistreatment supporting an Eighth Amendment claim. Dkt. 11. I gave Washington a chance to file an amended complaint, *id.*, which he has done, Dkt. 13.

But Washington's new complaint does not state a claim that can be heard in this court. Washington has explicitly chosen not to pursue federal-law claims; in the "jurisdiction" section of the complaint form he checks only the box stating that he is suing under state law. *Id.* at 2. And his new allegations don't support an Eighth Amendment claim. He states that a nurse "did not see [the] full injury to [his] finger," which caused a delay in treatment. That allegation might support a state-law negligence claim but it doesn't support an Eighth Amendment claim, which requires that a state official consciously disregard a medical problem. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976).

Without a federal claim, this court cannot consider any state-law claims that Washington seeks to bring unless he were to show that the requirements for the court's

diversity jurisdiction are met: that he and defendants are citizens of different states and that more than $75,000 is in controversy. 28 U.S.C. § 1332. Washington doesn't meet either of these requirements. He states that he is a citizen of Wisconsin and there's no reason to think that each of the defendants is a citizen of a different state. And he seeks only $25,000 in damages.

I will dismiss this case and I will direct the clerk of court to record a strike under 28 U.S.C. § 1915(g). See *Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021) (affirming district court's dismissal, which issued a strike based on plaintiff's failure to state a federal claim, and acknowledging relinquishment of supplemental jurisdiction over negligence claim); *Faust v. Parke*, 114 F.3d 1191, 1997 WL 284598 at *3 (7th Cir. 1997) (counting dismissal as strike where all federal claims were dismissed and where court declined to retain jurisdiction over state-law claim).

ORDER

IT IS ORDERED that:

1. This case is DISMISSED.
2. The clerk of court is directed to enter judgment accordingly and close the case.
3. The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g).

Entered March 19, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge